[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
{¶ 1} On August 29, 2001, Carlos Antonio Butler was indicted on two charges as a result of his participation in a robbery of a Bank One branch office which occurred on August 6, 2001. One charge was a robbery charge which was an F-2, on a theory that Mr. Butler inflicted or threatened to inflict physical harm on a Bank One employee. The other charge was a robbery charge which was an F-3, on a theory that Mr. Butler had used or threatened the immediate use of force on the same employee.
{¶ 2} On January 8, 2002, Mr. Butler entered a guilty plea to the F-3 robbery charge and the first charge was dismissed as a part of the plea bargain. A pre-sentence investigation was ordered, and sentencing was scheduled for March 2002.
{¶ 3} At the sentencing hearing, the trial judge heard statements from defense counsel, Mr. Butler and an assistance prosecuting attorney. The trial judge then stated:
{¶ 4} "Okay. Mr. Butler, based upon your amazingly significant prior record dating back to age thirteen and based upon the nature and circumstances of this incident and the threat that was involved, I'm going to find that you're the worst form of offender, poses the greatest likelihood of committing future crime. And I will impose five years in the state penitentiary." (Tr. 12.)
{¶ 5} The trial judge later noted:
{¶ 6} "Just for purposes of the record, referring to the PSI, pages seven through fourteen with respect to the defendant's prior record dating back to age thirteen, BE petty theft; age fourteen, receiving stolen property, probation revoked. Going to youth services for RSP, RSP age fourteen; and then grand theft auto, put into a commitment at DYS.
{¶ 7} "And I find with respect to the other offenses that occurred while he was a juvenile, again going to DYS, ag. robbery with gun spec., age seventeen, incarceration.
{¶ 8} "Offenses after he's been released from the institution and the nature of the threat of this are the reasons why the maximum sentence was imposed. Probably has as significant a record as this court seen; juvenile offender since age thirteen. He's not been able to adjust to life outside of an institution." Id. at 13-14.
{¶ 9} On March 8, 2002, a judgment entry reflecting the trial court's sentence was journalized.
{¶ 10} Mr. Butler has pursued a direct appeal of his sentence, assigning two errors for our consideration:
{¶ 11} "First Assignment of Error
{¶ 12} "The trial court erred by imposing the maximum allowable sentence.
{¶ 13} "Second Assignment of Error
{¶ 14} "The trial court committed reversible error by imposing a sentence of imprisonment for the commission of a third-degree felony without making the findings required by R.C. 2929.11 and 2929.12."
{¶ 15} The trial court imposed the maximum sentence on Carlos Antonio Butler because the judge found, with ample justification, that Mr. Butler was very likely to commit future crimes. This finding corresponds with the requirement of R.C. 2929.14(C), which reads:
{¶ 16} "Except as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section."
{¶ 17} We find no error in the trial court's imposition of the maximum sentence.
{¶ 18} The first assignment of error is overruled.
{¶ 19} When a trial judge sentences an offender on a felony of the third degree, the trial court is guided by R.C. 2929.11 and R.C. 2929.12. R.C. 2929.11(A) requires a trial judge to be guided by a desire to protect the public from future crime by the offender. Given Mr. Butler's extensive record of theft-related offenses, the trial judge could reasonably find that imprisonment was necessary to deter future crime.
{¶ 20} The more detailed sentencing criteria set forth in R.C.2929.12, and especially R.C. 2929.12(D), fully support the sentence imposed. Mr. Butler clearly is likely to commit future offenses unless he chooses to change his lifestyle. When he appeared before the judge he was twenty-eight years old with only a ninth grade education and four dependents he could not support. His court history showed that after the Ohio Department of Youth Services had been unsuccessful in rehabilitating him, he had been convicted of aggravated robbery with a gun specification. At age seventeen, he had begun a sentence of eight to twenty-eight years of incarceration.
{¶ 21} In 1999, Mr. Butler had been paroled, but a year later he had had another scrape with the law. He had been arrested for operating a motor vehicle while under the influence of alcohol ("OMVI"). He was still on probation for the OMVI when he committed the robbery offense for which he received the five-year sentence, the sentence he now appeals.
{¶ 22} The trial court was well within its discretion in imposing a prison sentence, as opposed to imposing community control.
{¶ 23} The second assignment of error is overruled.
{¶ 24} Both assignments of error having been overruled, the judgment of the trial court is affirmed.
Judgment affirmed.
KLATT and BOWMAN, JJ., concur.